IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY E. YARBROUGH, as father and next of kin of Trevor E. Yarbrough, deceased, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>AVCO CORPORATION, d/b/a Lycoming Engines, *et al.*,<br><br>　　Defendants. | Civil No. 3:06-0730<br>Judge Trauger |

## MEMORANDUM

Pending before the court is Plaintiff's Motion to Remand this Action to the State Court Pursuant to 28 U.S.C. § 1447(c) (Docket No. 26), to which the defendants have responded (Docket No. 41) and the plaintiffs have replied (Docket No. 50). For the reasons discussed herein, the plaintiffs' motion will be granted.

## FACTUAL BACKGROUND and PROCEDURAL HISTORY

The plaintiffs in this case are the next of kin of Trevor Yarbrough and John Cheadle, who died on May 16, 2005 when the Piper PA 18-150 single-engine aircraft, of which they were the sole occupants, crashed in Nashville, Tennessee. The plaintiffs filed an action in the Circuit Court for Davidson County in Nashville alleging, among other things, that the defendants violated the Tennessee Products Liability Act, Tenn. Code Ann. §§ 29-28-101 to -108 (2005),

1

when they designed, manufactured, and sold the engine and carburetor installed on that aircraft. (*See* Docket No. 1 ¶ 4; Docket No. 1-2 at 21-28.)

The Federal Aviation Administration ("FAA") "determines, certifies and monitors the airworthiness of general aviation aircraft and engines." (*See* Docket No. 41 at 1 (citing 14 C.F.R. pts. 21, 23, & 33).) The FAA has certified the engine and carburetor at issue here as satisfying the Federal Aviation Regulations (FARs). (*See* Docket No. 41 at 2.) It has also certified that this particular type of aircraft satisfies federal aviation requirements. (*See id.*) Finally, as required under federal law, the FAA has issued an "airworthiness certificate," "which attests to the fact that the aircraft conforms to the standards of the type certificate and is in a condition for safe operation." (*See id.*)

The defendants assert that this court has original jurisdiction over this action because the plaintiffs' claims turn on "whether the FAA incorrectly determined that the Lycoming O-360-C2E engine equipped with an MA 4-5 carburetor is airworthy." (*See* Docket No. 1 ¶¶ 11-14.) As such, on July 27, 2006, they removed the case to this court.

## ANALYSIS

The defendants assert that this case presents a "substantial federal question" such that "arising under" jurisdiction exists in this court. (*See* Docket No. 41 at 5); *see also* 28 U.S.C. §§ 1331 (2000) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 1441(a) (authorizing the removal "of any civil action brought in State court of which the district courts of the United States have original jurisdiction"). The plaintiffs argue that they are asserting only "garden-variety product

2

liability claims to be determined by a jury under state law . . . without deference to the [Federal Aviation Act] certification process under the FARs." (*See* Docket No. 50 at 3).

I. **"Arising under" jurisdiction does not exist in this court because the plaintiffs' state law claims do not implicate significant federal issues.**

"Arising under" jurisdiction, a "longstanding, if less frequently encountered, variety of federal . . . jurisdiction," exists when state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *See Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2366-68 (2005). The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint . . . unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Board v. Constr. Laborers Vacation Trust Fund for S. Cal.,* 463 U.S. 1, 10 (1983). A defense that raises a federal question is inadequate to confer federal jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal citation omitted).

Since its 2005 decision in *Grable*, the Supreme Court has characterized "arising under" jurisdiction as a "special and small category." *See Empire Healthchoice Assoc.*, *Inc. v. McVeigh*, 126 S. Ct. 2121, 2136 (2006). Specifically, it has reemphasized the *Grable* court's recognition that "it takes more than a federal element to open the 'arising under' door." *See id.* at 2137 (quoting *Grable*, 125 S. Ct. at 2367); *see also Merrell Dow*, 478 U.S. at 813 (recognizing "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction").

3

Because *Grable* clarified *Merrell Dow*, a comparison of the two cases is instructive. *Merrell Dow* involved allegations that the defendant misbranded a drug in violation of federal law and that such violation created a rebuttable presumption of common law negligence. *See Merrell Dow*, 478 U.S. at 805-06. The Court held that such allegations did not invoke federal jurisdiction because they represented only the presence of a federal issue in a state-created cause of action that was "insufficiently substantial to confer federal-question jurisdiction." *See id.* at 813.

In contrast, the meaning of a federal statutory provision was an essential part of the plaintiff's claim in *Grable*. *See* 125 S. Ct. at 2368. Indeed, it was the only issue contested in the case, which turned on whether the Internal Revenue Service had properly notified the plaintiff that it planned to sell his property, which it had seized in order to satisfy a federal tax delinquency. *See id.* (noting, for instance, that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court").

The case at hand is far more similar to *Merrell Dow* than it is to *Grable*. As in *Merrell Dow*, the federal regulations at issue in this case, while relevant to the standard of care, are not outcome-determinative. *See* Tenn. Code Ann. § 29-28-104 (indicating that "compliance by a manufacturer or seller with any federal or state statute or administrative regulation . . . shall raise a *rebuttable presumption* that the product is not in an unreasonably dangerous condition") (emphasis added). In fact, like in *Merrell Dow*, but unlike in *Grable*, no party contests the meaning of the federal regulations at issue here. *See Glorvigen v. Cirrus Design Corp.*, No. 05-2137, 2006 WL 399419, at *3 (D. Minn. Feb. 16, 2006) (finding no federal jurisdiction in an aircraft crash case where "an alleged violation of the [FARs would] not necessarily resolve the

4

state-law claims . . . [and] the parties [did] not contest the meaning of any regulation [nor] point to [any] federal law that [was] in dispute); (Docket No. 50 at 8 (arguing that plaintiffs "are not challenging the FAA certification of the airplane or engine . . . or claiming that the FAA improperly certified the aircraft or engine . . . thus, the regulations are not in dispute")); *see also Grable*, 125 S. Ct. at 2367 (conferring federal jurisdiction where a "dispositive and contested federal issue" existed "at the heart of the state-law . . . claim").

Accordingly, the court finds that the claims presented in this case are what the plaintiffs describe them to be: "garden-variety product liability claims" that do not fit within the "special and small category" of "arising-under" jurisdiction.[1] *See McVeigh*, 126 S. Ct. at 2136; (Docket No. 50 at 3); *see also McCarty v. Precision Airmotive Corp.*, No. 8:06-cv-1391-T-26TBM, 2006 WL 2644921, at *2 (M.D. Fla.) (finding, in a case alleging defective design of the same aircraft involved in this case, among other things, that the matter "remains a garden variety state-law tort case which does not raise a 'significant' or 'substantial' federal issue mandating resolution by this Court"). As such, the court finds itself without jurisdiction over this case and will grant the plaintiffs' motion for remand (Docket No. 26).

## II. Only complete preemption analysis is relevant to the plaintiff's Motion to Remand, and such is not at issue here.

---

[1]The plaintiffs' Complaint is not entirely without reference to federal law and duties. (*See, e.g.*, Docket No. 1 ¶ 61 (alleging that defendant Michael Noblin violated the FARs by approving the Piper aircraft and the Lycoming engine for return to service).) Such claims, however, can be tried in state court. *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78 (1981) ("The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication.").

5

While both parties spend significant time discussing preemption,[2] the type of preemption about which they are arguing is not properly raised at this removal-based stage of the proceedings. As indicated by the Sixth Circuit, "[r]emoval and preemption are two distinct concepts." *See Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995). As such, "[t]he fact that a defendant might ultimately prove that a plaintiff's claims are preempted under [federal law] does not establish that they are removable to federal court." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398 (1987).

As noted earlier, *see supra*, p. 3, the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *See id.* at 392. Thus, federal preemption, when raised only as a defense to a plaintiff's complaint, cannot serve as the basis for removal to a federal court. *See id.* at 392-93.

An "independent corollary" to this rule exists, however, in the form of complete preemption. *See id.* at 393. Complete preemption occurs when "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." *See id.* (internal quotation omitted). Once an area of law has been completely preempted, "any claim purportedly

---

[2] For instance, the plaintiffs dedicate thirteen pages of their Memorandum in Support of their Motion to Remand to an explanation about why "field preemption does not apply to supplant state law claims sounding in product liability in the area of design of an aircraft and its components." (*See* Docket No. 28 at 9-22.) The defendants, for their part, repeatedly assert that preemption is "not the basis for this court's jurisdiction," but then spend significant time discussing the import of the *Greene* decision, which turns on the doctrine of field preemption. (*See* Docket No. 41 at 13 (citing *Greene v. B.F. Goodrich Avionics Sys., Inc.*, 409 F.3d 784 (6th Cir. 2005).)

6

based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *See id.*

The defendants adamantly and repeatedly state that they are not claiming that the Federal Aviation Act completely preempts state law claims or remedies. (*See, e.g.,* Docket No. 41 at 3 (asserting that the plaintiffs "incorrectly assume[] that Defendants have removed based on the doctrine of complete preemption), 4 ("Defendants do not contend that the [Act] completely preempted both state-law claims and state-law remedies.") (internal quotation omitted), 16 (stating that the plaintiffs have premised their arguments on a "fundamental misunderstanding of the difference between implied preemption and complete preemption").) In making such statements, the defendants have disavowed the only preemption argument that–if successful, which the court does not imply here–would allow for the removal of their claims from state to federal court. *See Caterpillar, Inc.*, 482 U.S. at 392-93.

Despite their repeated arguments that they are not asserting complete preemption, the defendants' contention that federal law provides the exclusive standard of care for the plaintiffs' state law claims and their description of "Congress's intent to exercise supremacy over the field of aviation safety" begin to sound like just that, particularly when used as grounds for their arguments about removal. (*See* Docket No. 41 at 7, 11; Docket No. 50 at 3 (arguing that the defendants are, in fact, asserting complete preemption but calling it by another name).) The defendants base their preemption-related claims, however, on two decisions that discuss the defense of federal field preemption–not the doctrine of complete preemption. (*See* Docket No. 41 at 11 (citing *Greene v. BF Goodrich Avionics Sys., Inc.*, 409 F.3d 784, 795 (6th Cir. 2005) (holding that "federal law establishes the standards of care in the field of aviation safety") and

7

*Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363, 367 (3rd Cir. 1999) ("[W]e hold that federal law establishes the applicable standards of care in the field of aviation safety.")).)

As such, even if the holdings of these cases about congressional preemption of the field of aviation safety were relevant to the products liability claims presented in this case, they would not be apposite at this remand-based stage of the proceedings. *See Glorvigen*, 2006 WL 399419, at *5 (noting that *Adbullah*, as a case about the federal preemption defense, is not relevant to a discussion of removal based on complete preemption). Accordingly, the parties must reserve their arguments about field preemption for another day–and another court. *See Strong v. Telectronics Paging Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996) (noting that field preemption does not authorize the removal of a case to federal court).

## **CONCLUSION**

Because the plaintiffs' state law claims do not implicate significant federal issues, "arising under" jurisdiction does not exist in this case. As such, the Plaintiff's Motion to Remand this Action to the State Court Pursuant to 28 U.S.C. § 1447(c) (Docket No. 26) will be granted.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

8